# United States Court of Appeals for the Federal Circuit

———————————

**SANDERLING MANAGEMENT LTD.,**
*Plaintiff-Appellant*

**v.**

**SNAP INC.,**
*Defendant-Appellee*

———————————

2021-2173

———————————

Appeal from the United States District Court for the Central District of California in No. 2:21-cv-02324-GW-JC, Judge George H. Wu.

———————————

Decided:  April 12, 2023

———————————

LAURA A. WYTSMA, Venable LLP, Los Angeles, CA, argued for plaintiff-appellant.  Also represented by TIMOTHY J. CARROLL, Chicago, IL.

STEVEN SCHORTGEN, Sheppard Mullin Richter & Hampton LLP, Dallas, TX, argued for defendant-appellee. Also represented by JENNIFER AYERS; TODD E. LUNDELL, Costa Mesa, CA; JESSE A. SALEN, KARIN DOUGAN VOGEL, San Diego, CA.

———————————

Before CHEN, CUNNINGHAM, and STARK, *Circuit Judges*.

STARK, *Circuit Judge*.

Sanderling Management Ltd. ("Sanderling") appeals from the district court's dismissal of Sanderling's patent infringement suit against Snap Inc. ("Snap") due to the asserted claims' lack of patent-eligible subject matter under 35 U.S.C. § 101 ("Section 101"). Sanderling also asks us to review the district court's denial of its motion for leave to amend its complaint. We affirm.

I

Sanderling owns U.S. Patent Nos. 9,355,412 (the "'412 patent"), 9,639,866 (the "'866 patent"), and 10,108,986 (the "'986 patent"). The '412, '866, and '986 patents, all sharing the title "Dynamic Promotional Layout Management and Distribution Rules," are directed to a method using distribution rules to load digital image branding functions to users when certain conditions are met. The patents share a common specification, which describes the digital image branding function as a transformation, using, for example, an icon or a filter, that displays in a client terminal for the user to apply to a digital image. *See* '412 patent 5:64-67; '866 patent 6:7-10; '986 patent 6:7-10. A distribution rule "is a rule used in determining how to target a group of end users, for instance, a rule that determines that only a group of end users having certain characteristics and/or match a certain requirement." '412 patent 6:3-8; '866 patent 6:13-16; '986 patent 6:13-16.

The district court viewed claim 1 of each patent as representative of all the claims in that entire patent. Although Sanderling initially objected to treating any claims as representative, it has not appealed the district court's decision on this issue.[1]  For our purposes, claim 1 of the

---

[1]    As we have previously stated, "[c]ourts may treat a claim as representative in certain situations, such as if the patentee does not present any meaningful argument for

'412 patent is representative of all the claims involved in this appeal, and it recites the following:

> A computerized method of distributing a digital image processing function, said computerized method comprising:
>
>> using at least one server having at least one hardware processor and over a network to access a database storing at least one digital image processing function associated with at least one distribution rule defining a geographic location;
>>
>> receiving, over said network, a Global Positioning System (GPS) location indication from each of a plurality of mobile devices, each said location indication is determined according to a GPS module executed by one of said plurality of mobile devices;

---

the distinctive significance of any claim limitations not found in the representative claim or if the parties agree to treat a claim as representative." *Berkheimer v. HP, Inc.*, 881 F.3d 1360, 1365 (Fed. Cir. 2018). Here, the district court rejected Sanderling's "generalized objections" to Snap's representative claim contentions, objections which consisted of nothing more than assertions that Snap's approach was "improper" and "premature" because "[t]here are likely to be [unspecified] claim construction arguments" later in the litigation. Appx8, 237. District courts have discretion to require parties litigating Section 101 motions to identify representative claims and to articulate why (or why not) claims are representative (including by explaining how a limitation missing from a purportedly representative claim could make a material impact to the Section 101 analysis).

matching, using said at least one hardware processor, each said GPS location indication with said geographic location; and

automatically forwarding, over said network and in response to receiving said Global Position System (GPS) location indication, said at least one digital image processing function to at least one mobile device of said plurality of mobile devices, said at least one mobile device having a respective said GPS location indication which matches said geographic location;

wherein said at least one image processing function is set to be used by an application executed on said at least one mobile device to process a digital image designated at said at least one mobile device to create an output digital image.

'412 patent cl. 1; *see also* Appellee Resp. Br. at 6-8 (showing similarity of claim 1 of '412, '866, and '986 patents).

Sanderling sued Snap in the Northern District of Illinois, alleging infringement of every claim of the three asserted patents. Snap moved to transfer and to dismiss under Federal Rule of Civil Procedure 12(b)(6). The Illinois district court's standing order – which has not been challenged in either the district court or here – put Sanderling to the choice of either amending its complaint or responding to the motion. Sanderling chose to respond to the motion, and thereafter the court transferred the case to the Central District of California. That court ultimately granted Snap's motion to dismiss with prejudice and denied Sanderling's request for leave to amend its complaint, a request Sanderling made for the first time at the hearing on Snap's motion. Sanderling moved for reconsideration, which the district court denied. The district court entered

its judgment on July 21, 2021, and Sanderling timely appealed.[2]

## II

When reviewing a district court decision on a motion to dismiss or a motion to amend, we apply the same standard of review as the applicable regional circuit. *See Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1346 (Fed. Cir. 2018) (motion to dismiss); *Simio, LLC v. FlexSim Software Prods.*, 983 F.3d 1353, 1358 (Fed. Cir. 2020) (motion to amend). The Ninth Circuit reviews Rule 12(b)(6) dismissals for failure to state a claim *de novo*, construing all allegations of material fact in the light most favorable to the nonmoving party. *See OIP Techs., Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1362 (Fed. Cir. 2015); *McShannock v. JP Morgan Chase Bank NA*, 976 F.3d 881, 886-87 (9th Cir. 2020). The Ninth Circuit reviews "the denial of leave to amend for an abuse of discretion, but [it] reviews the question of futility of amendment de novo." *B&G Foods N. Am., Inc. v. Embry*, 29 F.4th 527, 534 (9th Cir. 2022).

Patent eligibility is governed by 35 U.S.C. § 101, which provides that "[w]hoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title." "Laws of nature, natural phenomena, and abstract ideas" are, however, "an important implicit exception" to Section 101. *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014). Accordingly, *Alice* directs us to determine whether a patent claims patent-ineligible subject matter in two steps: first we "determine whether the claims at issue are directed to one of those

---

[2]    The district court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

patent-ineligible concepts" ("step one"); and, if so, we next search for an "inventive concept" by "consider[ing] the elements of each claim both individually and as an ordered combination to determine whether the additional elements transform the nature of the claim into a patent-eligible application" ("step two"). *Id.* at 217 (internal quotation marks omitted).

"Patent eligibility under 35 U.S.C. § 101 is ultimately an issue of law we review de novo," although "[t]he patent eligibility inquiry may contain underlying issues of fact." *Berkheimer v. HP, Inc.*, 881 F.3d 1360, 1365 (Fed. Cir. 2018). Section 101 disputes "may be resolved on a Rule 12(b)(6) [or Rule 12(c)] motion when there are no factual allegations that, taken as true, prevent resolving the eligibility as a matter of law." *Uniloc USA, Inc. v. LG Elecs. USA, Inc.*, 957 F.3d 1303, 1306 (Fed. Cir. 2020) (internal quotation marks omitted). In particular, at step two of the *Alice* test, "whether a claim element or combination of elements is well-understood, routine and conventional to a skilled artisan in the relevant field is a question of fact." *Berkheimer*, 881 F.3d at 1368. However, of course, "not every § 101 determination contains genuine disputes over the underlying facts material to the § 101 inquiry." *Id.*

## III

### A

Considering the claims as a whole at step one of the *Alice* test, we reach the same conclusion as the district court: the claims are directed to an abstract idea. Typically, as is true here, the step one analysis for computer-related inventions requires us to "ask whether the claims are directed to an improvement to computer functionality versus being directed to an abstract idea." *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1335 (Fed. Cir. 2016). The claims of the asserted patents are not directed to a specific improvement in computer functionality but, instead, to the

use of computers as a tool; here, a tool to identify when a condition is met and then to distribute information based on satisfaction of that condition. As the district court articulated, in a formulation we agree with, the claims are directed to the abstract idea "'of providing information – in this case, a processing function – based on meeting a condition,' *e.g.*, matching a GPS location indication with a geographic location." Appx11. Even though the information being distributed is of a particular variety – here, digital imaging processing based on a distribution rule that determines when a condition is met – distribution of information is an abstract idea. *See Intell. Ventures I LLC v. Cap. One Bank*, 792 F.3d 1363, 1369 (Fed. Cir. 2015) ("Providing this minimal tailoring – e.g., providing different newspaper inserts based on the location of the individual – is an abstract idea.").

Sanderling argues that the district court erred in reading the claims "at such a high level of abstraction . . . untethered from the [claim] language." Appellant Br. at 27. Sanderling analogizes its claims to those we upheld in *McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299, 1313 (Fed. Cir. 2016), where we cautioned that courts "'must be careful to avoid oversimplifying the claims' by . . . failing to account for the[ir] specific requirements." We do not agree with Sanderling's criticism of the district court nor with its comparison. In *McRO*, we found that patents for automatic animation of lip synchronization and facial expressions of 3D animated characters were not directed to an abstract idea. Those claims were, instead, directed to eligible subject-matter because they provided "a combined order of specific rules that render[ed] information into a specific format." *Id.* at 1315. The claims of the asserted patents here, by contrast, have a "distribution rule" that merely receives, matches, and then distributes the corresponding function based on the user's location, a much more generic set of steps than *McRO*'s specific claim language.

Sanderling also argues that the district court erred at step one by failing to construe claim terms. "[C]laim construction is not an inviolable prerequisite to a validity determination under § 101." *Bancorp Servs. L.L.C. v. Sun Life Assurance Co. of Can. (U.S.)*, 687 F.3d 1266, 1273 (Fed. Cir. 2012). If claims are directed to ineligible (or eligible) subject matter under all plausible constructions, then the court need not engage in claim construction before resolving a Section 101 motion.[3] In aid of determining whether a particular motion requires claim construction before disposition of the motion, a district court is free to require the party asking for construction to provide an actual proposed construction, to demonstrate that its construction is not frivolous, and to articulate how adoption of the construction would materially impact the analysis at step one (and/or at step two). Here, while Sanderling identified terms it wanted the district court to construe before deciding Snap's motion, Sanderling failed to provide proposed constructions for those terms.[4] Sanderling also failed to explain why any proposed constructions were not frivolous or how its constructions would make any difference to the *Alice* analysis. Thus, the district court did not err by

---

[3]    When a non-moving party proposes a construction, "the court must proceed by adopting the non-moving party's constructions, or the court must resolve the disputes to whatever extent is needed to conduct the § 101 analysis, which may well be less than a full, formal claim construction." *Aatrix Software, Inc. v. Green Shades Software Inc.*, 882 F.3d 1121, 1125 (Fed. Cir. 2018) (internal citation omitted).

[4]    Sanderling sought construction of "distribution rule" and "few seconds or less" (which does not appear in claim 1 of any of the asserted patents). It also now contends that the term "dynamic" needs construction, a term that does not appear in any of the claims.

resolving the motion to dismiss without first undertaking claim construction. *See Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1360 (Fed. Cir. 2017) (affirming grant of motion to dismiss not preceded by claim construction where patentee "provided no proposed construction of any terms or proposed expert testimony that would change the § 101 analysis").[5]

Accordingly, we conclude that the claims at issue in this appeal are directed to an abstract idea within the meaning of *Alice*. We will proceed to step two.

B

At the second step of the *Alice* inquiry, we must "look to see whether there are any 'additional features' in the claims that constitute an 'inventive concept.'" *Intell. Ventures I LLC v. Cap. One Fin. Corp.*, 850 F.3d 1332, 1341 (Fed. Cir. 2017). Such inventive features must be more than "well-understood, routine, conventional activity." *Id.* Having undertaken this effort, we again agree with the district court: the elements of the representative claim, individually and as an ordered combination, do not constitute an inventive concept.

"If a claim's only 'inventive concept' is the application of an abstract idea using conventional and well-understood techniques, the claim has not been transformed into a patent-eligible application of an abstract idea." *BSG Tech*

---

[5] Sanderling states that the day before argument on Snap's motion, Snap "accused plaintiff of relying on 'phantom unclaimed limitations,'" such as "dynamic loading," and "[t]his argument alone should have precluded consideration of the motion to dismiss." Appellant Br. at 41. Sanderling is wrong. The district court correctly concluded that Sanderling failed to "explain where ['dynamic loading'] is found in the claims or why it would not just be more of the same abstract idea." Appx27.

*LLC v. Buyseasons, Inc.*, 899 F.3d 1281, 1290-91 (Fed. Cir. 2018). The distribution rule is just that: the application of the abstract idea using common computer components. *See, e.g.*, '412 patent 7:30-34 ("[T]he term client terminal refers to any network connected device, including, but not limited to, personal digital assistants (PDAs), tablets, electronic book readers, handheld computers, cellular phones, personal media devices (PMDs), smart phones, and/or the like."); *id.* 12:54-55 (noting that client terminal may include processor and main memory); *id.* cl. 1 (claiming use of "server," "hardware processor," and "mobile device"). "[T]he invocation of 'already-available computers that are not themselves plausibly asserted to be an advance . . . amounts to a recitation of what is well-understood, routine, and conventional.'" *Customedia Techs., LLC v. Dish Network Corp.*, 951 F.3d 1359, 1366 (Fed. Cir. 2020). Sanderling's contention that the claims improve "scalability and speed" is unavailing; even if true, "claiming the improved speed or efficiency inherent with applying the abstract idea on a computer [does not] provide a sufficient inventive concept." *Intell. Ventures I*, 792 F.3d at 1367.

Sanderling argues that fact disputes should have precluded the district court from granting Snap's motion to dismiss. Sanderling failed, however, to timely identify, prior to the district court's ruling on the motion, any specific fact disputes. The district court was correct to conclude that it "is not required to accept Plaintiff's generalized assertions that factual considerations about the state of the art preclude a decision at the pleadings stage." [6] Appx26.

---

[6]    It is within a district court's discretion to require a party opposing a Rule 12 motion based on Section 101 to identify, and articulate the significance of, specific fact disputes that purportedly make granting the motion improper. A patentee's failure to do so should, as here,

Finally, Sanderling contends that the prosecution histories of the three patents-in-suit demonstrate that the claims contain an inventive concept. For instance, Sanderling points to evidence that the Patent Office concluded, in allowing the '866 patent, that the claimed inventions improve mobile device technology itself. Appellant Br. at 29-30 (citing Appx465). Sanderling further suggests that the district court's "marginaliz[ation]" of the prosecution history deprived its patents of their statutory presumption of validity and improperly put the burden of proof on Sanderling, the party opposing the motion to dismiss. Our review of the record persuades us that the district court committed none of these alleged errors. There is no indication the district court failed to presume the patents were valid. And courts are not required to defer to Patent Office determinations as to eligibility. *See OIP Techs.*, 788 F.3d at 1362 ("Patent eligibility under 35 U.S.C. § 101 is an issue of law reviewed de novo.").

Thus, the asserted claims fail both steps of the *Alice* inquiry. The claims are patent ineligible.

IV

In the Ninth Circuit, "[a]lthough leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). The Ninth Circuit reviews a district court's conclusion that amendment would be futile *de novo*. *See Juniper Networks, Inc. v. Shipley*, 643 F.3d 1346, 1352 (Fed. Cir. 2011) ("Under Ninth Circuit law, dismissal with prejudice is only appropriate when it is clear on de novo

---

preclude the court from denying the motion simply based on a vague pronouncement to the effect that "a factual dispute exists."

review that the complaint could not be saved by amendment.") (internal quotation marks omitted).

Applying *de novo* review, we agree with the district court that Sanderling's proposed amendment (which was only submitted after the court granted the motion to dismiss, and done so only in connection with the motion for reconsideration) would have been futile. No amendment to a complaint can alter what a patent itself states. In this case, then, our agreement with the district court as to what the patent discloses, and our agreement with the court's application of the *Alice* test, leads inexorably to the conclusion that amendment of the complaint would have been futile. Sanderling's proposed amendment merely sought to add conclusory statements that the claimed steps were not well-known, routine, and conventional. The district court was not required to credit such conclusory allegations. *See In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016) ("[T]he trial court does not have to accept as true conclusory allegations in a complaint . . . .").

Nothing about the proposed amendment would have cured the deficiencies in the original complaint. Therefore, the district court did not err in finding amendment futile and denying Sanderling's motion for reconsideration.

V

We have considered Sanderling's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm the district court's decision.

**AFFIRMED**

COSTS

No costs.