NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TECHNOLOGY IN ARISCALE, LLC,**
*Plaintiff-Appellant*

**v.**

**RAZER USA LTD.,**
*Defendant-Appellee*

---

2024-1657

---

Appeal from the United States District Court for the Central District of California in No. 8:22-cv-02310-JWH-ADS, Judge John W. Holcomb.

---

Decided:  January 6, 2026

---

BRIAN FITZGERALD, Broadview IP Law, PC, Irvine, CA, argued for plaintiff-appellant.  Also represented by MENSHER SINGH SANGHERA.

CHRISTOPHER KAO, Pillsbury Winthrop Shaw Pittman LLP, San Francisco, CA, argued for defendant-appellee. Also represented by BROCK STEVEN WEBER.

---

Before PROST, REYNA, and CUNNINGHAM, *Circuit Judges*.

CUNNINGHAM, *Circuit Judge.*

Technology in Ariscale, LLC ("Ariscale") appeals the judgment of the United States District Court for the Central District of California determining that claims 1 and 14 of U.S. Patent No. 8,139,652 are invalid under 35 U.S.C. § 101.  *See* J.A. 24–25; *Tech. in Ariscale, LLC. v. Razer USA, Ltd.*, No. 8:22-cv-02310-JWH-ADS, 2024 WL 1548636, at \*5 (C.D. Cal. Mar. 4, 2024) ("*MJOP Decision*"); *see also Tech. in Ariscale, LLC v. Razer USA, Ltd.*, 703 F. Supp. 3d 1153, 1163 (C.D. Cal. 2023) ("*MTD Decision*").  For the following reasons, we *affirm* the district court's judgment of invalidity.

Because the parties are familiar with the general background facts of this case, we do not repeat them here.  For purposes of appeal, claim 1 is representative of claim 14, *see* Appellant's Br. 4; Appellee's Br. 6–7, and recites:

> 1. A computer-implemented method for decoding a transmission signal, the method comprising:
>
> > receiving, using a computer processor, the transmission signal, which is formed by repeating symbols including downlink frame prefix information, encoding repeated symbols to form encoding blocks, and interleaving the encoding blocks;
> >
> > deinterleaving, using a computer processor, the received transmission signal;
> >
> > combining, using a computer processor, symbols at the same positions of deinterleaved encoding blocks among the repeated symbols in the deinterleaved transmission signal; and
> >
> > decoding, using a computer processor, the combined symbols.

'652 patent col. 7 ll. 49–63.

We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## I.   DISCUSSION

"We review the district court's ultimate patent-eligibility conclusion de novo." *PersonalWeb Techs. LLC v. Google LLC*, 8 F.4th 1310, 1315 (Fed. Cir. 2021). "We apply the procedural law of the regional circuit, here the Ninth Circuit," which reviews orders granting Rule 12(b) and 12(c) motions de novo. *Id.* at 1314; *see also ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014); *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

To determine whether a patent claim is invalid under 35 U.S.C. § 101, we apply the two-step framework set forth by the Supreme Court in *Mayo Collaborative Servs. v. Prometheus Lab'ys, Inc.*, 566 U.S. 66, 77–80 (2012) and *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 217 (2014). At step one, we determine whether the claim at issue is "directed to" a patent-ineligible concept. *Alice*, 573 U.S. at 217; *accord Mayo*, 566 U.S. at 77. At step two, we "consider the elements of each claim both individually and 'as an ordered combination' to determine whether the additional elements 'transform the nature of the claim' into a patent-eligible application." *Alice*, 573 U.S. at 217 (quoting *Mayo*, 566 U.S. at 78–79). The Supreme Court has described the step two analysis "as a search for an 'inventive concept.'" *Id.* at 217 (quoting *Mayo*, 566 U.S. at 72–73).

On appeal, Ariscale challenges the district court's patent eligibility analysis under both steps of the *Alice/Mayo* test. Appellant's Br. 17–42.

### A.

We begin with Ariscale's challenge to the district court's analysis under *Alice/Mayo* step one. *See* Appellant's Br. 18–30.

As an initial matter, we reject Ariscale's argument that the district court erred by characterizing claim 1 of the '652

patent as being "directed to receiving, manipulating, and decoding data." *MTD Decision* at 1160; *see* Appellant's Br. 18–27. Ariscale argues that claim 1 is more appropriately described as "combining and decoding repeatedly transmitted [downlink frame prefix ("DFP")] information." Appellant's Br. 20–21; Oral Arg. 2:50–3:17, https://www.cafc.uscourts.gov/oral-arguments/24-1657_08 072025.mp3. We disagree.

The district court's characterization accurately reflects that claim 1 covers "[a] computer-implemented method for decoding a transmission signal" that comprises steps including "receiving," "deinterleaving," "combining," and "decoding" the information in the transmission signal. '652 patent col. 7 ll. 49–63. Ariscale's description of the claimed functions is not meaningfully different from that of the district court and does not suggest that the district court overgeneralized the claim. The primary difference between the two characterizations is that Ariscale frames claim 1 as focusing on DFP information. The claim language, however, does not limit the combining and decoding of information to DFP information. *See, e.g.*, *id.* col. 7 ll. 49–63 (covering a method for decoding a transmission signal that "is formed by repeating symbols *including* [DFP] information" (emphasis added)). Moreover, even if the claim were "limited to [the] particular content" of decoding a transmission signal of DFP information, this would "not change its character as information" or otherwise make it less abstract. *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1353 (Fed. Cir. 2016); *see also Affinity Labs of Texas, LLC v. DIRECTV, LLC*, 838 F.3d 1253, 1259 (Fed. Cir. 2016) ("[M]erely limiting the field of use of the abstract idea to a particular existing technological environment does not render the claims any less abstract."). Therefore, we agree with the district court's characterization of claim 1.

We also agree with the district court that claim 1 is directed to the abstract idea of "receiving, manipulating, and decoding data." *MTD Decision* at 1160. We have

previously held that such functions fall within the realm of abstract ideas. *See, e.g.*, *Hawk Tech. Sys., LLC v. Castle Retail, LLC*, 60 F.4th 1349, 1357 (Fed. Cir. 2023) ("[E]ncoding and decoding image data and converting formats, including when data is received from one medium and sent along through another, are by themselves abstract ideas." (cleaned up and citation omitted)); *RecogniCorp, LLC v. Nintendo Co.*, 855 F.3d 1322, 1328 (Fed. Cir. 2017) (concluding the claims were directed to the abstract idea of "encoding and decoding image data"); *Digitech Image Techs., LLC v. Elecs. for Imaging, Inc.*, 758 F.3d 1344, 1351 (Fed. Cir. 2014) (concluding a claimed method was directed to the abstract idea of "gathering and combining data"). The claim language also fails to disclose "specific means or method[s]" for the recited functions and instead "merely invokes generic processes and machinery." *Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1337 (Fed. Cir. 2017); *see* Oral Arg. 1:28–42 (Ariscale agreeing that the claims do not require a specialized computer). Moreover, the claimed methods "can be performed in the human mind or using a pencil and paper—a telltale sign of abstraction." *PersonalWeb*, 8 F.4th at 1316 (cleaned up and citation omitted); *see, e.g.*, '652 patent col. 7, ll. 49–63, col. 6 ll. 23–40; *id.* Fig. 3. We conclude that claim 1 is directed to the abstract idea of receiving, manipulating, and decoding data.

Ariscale argues claim 1 is "directed to an improvement in wireless communication technology." Appellant's Br. 19; *see id.* at 18–27; *see Customedia Techs., LLC v. Dish Network Corp.*, 951 F.3d 1359, 1364 (Fed. Cir. 2020) ("To be a patent-eligible improvement to computer functionality, we have required the claims to be directed to an improvement in the functionality of the computer or network platform itself."). Ariscale argues claim 1 is directed to "improving reception performance for repeatedly transmitted [DFP] information," such as providing improved bit error rates and signal-to-noise ratios. Appellant's Br. 21. In support,

Ariscale points to portions of the specification which indicate that the goal of the patented invention is to "improve reception performance" by combining, averaging and decoding the DFP information. Appellant's Br. 20–21 (quoting '652 patent col. 1 ll. 27–34; *id.* col. 2 ll. 40–48; *id.* Fig. 5).

The advantage disclosed by the specification is linked to implementation of a separate scheme, involving combining and decoding, for the DFP information as compared to the rest of the signal. '652 patent col. 2 ll. 40–48. But claim 1 does not cover separate reception schemes for the DFP information as compared to other portions of the transmission signal and instead discloses that all recited functions of claim 1 are performed on a "transmission signal, which is formed by repeating symbols *including* [DFP] information." *Id.* col. 7 ll. 51–53 (emphasis added). The reception performance benefits described in the specification are therefore not tied to the claims at issue. *See, e.g., Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, 967 F.3d 1285, 1293 (Fed. Cir. 2020) ("[F]eatures that are not claimed are irrelevant as to step 1 or step 2 of the [*Alice/Mayo*] analysis."); *ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 769 (Fed. Cir. 2019) ("[A]ny reliance on the specification in the § 101 analysis must always yield to the claim language. . . . [T]he specification cannot be used to import details from the specification if those details are not claimed."). The district court did not err by determining that claim 1 of the '652 patent is directed to an abstract idea.

## B.

We next turn to Ariscale's challenge to the district court's analysis under step two of the *Alice/Mayo* test. *See* Appellant's Br. 30–42.

Ariscale argues that claim 1 of the '652 patent recites an inventive concept in the ordered combination of steps claimed. *Id.* Specifically, Ariscale argues that the claimed

order of implementing the "combining" step after "deinterleaving," but before "decoding," makes the claimed method a patent-eligible ordered combination. *Id.* at 31–32. We disagree.

The '652 patent claims and specification demonstrate that the advantages associated with the patented invention are not tied to the particular order of steps dictated in claim 1. The specification discloses that "the symbol combination and averaging of the present invention may also be performed before the deinterleaving and decoding." '652 patent col. 6 ll. 49–55 (discussing the difference between the first embodiment and second embodiment of the invention). The specification links its disclosed performance results to methods following either ordered combination of steps. *See id.* col. 7 ll. 21–39 (explaining that Figs. 5 to 8 demonstrate performance results "according to the first or the second embodiment of the present invention"). Furthermore, claim 2 of the '652 patent contains substantively identical claim language to that of claim 1, except that the order of the "combining" and "deinterleaving" steps is switched (and other differences reflecting this switch were also made). *Compare id.* col. 7 ll. 49–63, *with id.* col. 7 l. 64 to col. 8 l. 11. In sum, the claims and specification demonstrate that the advantages associated with the patented invention do not depend on any specific ordered combination.

To the extent that Ariscale argues that any individual step of claim 1 provides the inventive concept, we also disagree. *See* Appellant's Br. 39–41. The specification discloses that all claimed steps aside from the "combining" step were used in prior art decoding methods. *See* '652 patent col. 1 l. 43 to col. 2 l. 6 (disclosing the steps of receiving, deinterleaving, and decoding). With respect to the "combining" step, as alluded to above, claim 1 discloses what symbols are combined together, but does not explain how they are combined. *See id.* col. 7 ll. 58–63. The additional details described in the specification, *see, e.g., id.* col. 6 ll. 29–40, but not captured by the claims, cannot serve as

the basis of an inventive concept. *See Intell. Ventures I LLC v. Symantec Corp.*, 838 F.3d 1307, 1322 (Fed. Cir. 2016) ("The district court erred in relying on technological details set forth in the patent's specification and not set forth in the claims to find an inventive concept."). The claimed "combining" step, by itself, is an abstract idea and cannot itself provide an inventive concept. *See BSG Tech LLC v. Buyseasons, Inc.*, 899 F.3d 1281, 1290 (Fed. Cir. 2018) ("[A] claimed invention's use of the ineligible concept to which it is directed cannot supply the inventive concept that renders the invention 'significantly more' than that ineligible concept."). Moreover, the specification indicates that this "combining" step involves basic arithmetic which can be performed mentally or by hand or other conventional methods. *See* '652 patent col. 6 ll. 29–40 (disclosing the use of "add[ing] and averag[ing] (i.e. multipl[ying] by ½)" and stating that "those skilled in the art may also use other methods for combining repeated symbols for normalization"). We agree with the district court that claim 1 of the '652 patent fails step two of the *Alice/Mayo* test.

## C.

Lastly, we briefly address Ariscale's argument that the district court failed to respect the presumption of validity to which the '652 patent is entitled. Appellant's Br. 17–18; *see Microsoft Corp. v. i4i Ltd.*, 564 U.S. 91, 100 (2011) ("[Section] 282 establishes a presumption of patent validity, and it provides that a challenger must overcome that presumption to prevail on an invalidity defense."). Nothing in the district court's decisions indicates that it failed to presume the patent was valid or otherwise improperly placed the burden of proof on Ariscale. *Cf. MJOP Decision* at *3 (explaining that "a patent challenger must establish ineligibility by clear and convincing evidence"). Furthermore, "courts are not required to defer to Patent Office determinations as to eligibility." *Sanderling Mgmt. Ltd. v. Snap Inc.*, 65 F.4th 698, 705 (Fed. Cir. 2023). For the reasons stated, we conclude that the district court did not

err in determining that the asserted claims are patent ineligible.

## II.  CONCLUSION

We have considered Ariscale's remaining arguments and find them unpersuasive.  We *affirm* the district court's judgment that claims 1 and 14 of the '652 patent are invalid under § 101.

**AFFIRMED**