NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**NANTWORKS, LLC, NANT HOLDINGS IP, LLC,**
*Plaintiffs-Appellants*

**v.**

**NIANTIC, INC.,**
*Defendant-Appellee*

_____

2024-2216

_____

Appeal from the United States District Court for the Northern District of California in No. 3:20-cv-06262-LB, Magistrate Judge Laurel Beeler.

_____

Decided:  April 23, 2026

_____

MATTHEW K. BLACKBURN, Womble Bond Dickinson (US) LLP, San Francisco, CA, argued for plaintiffs-appellants.  Also represented by EVAN BOETTICHER, Sunnyvale, CA.

HEIDI LYN KEEFE, Cooley LLP, Palo Alto, CA, argued for defendant-appellee.  Also represented by DENA CHEN, ALEXANDRA MARIE LEEPER; PATRICK WARREN LAUPPE, Washington, DC.

_____

Before REYNA, SCHALL, and CUNNINGHAM, *Circuit Judges.*

CUNNINGHAM, *Circuit Judge.*

NantWorks, LLC and Nant Holdings IP, LLC (collectively, "NantWorks") appeal decisions from the United States District Court for the Northern District of California. The district court[1] granted Niantic, Inc.'s ("Niantic") motion for judgment on the pleadings that claims 7, 14, 16, 19, 26, and 31 of U.S. Patent No. 10,664,518 are invalid under 35 U.S.C. § 101. *NantWorks, LLC v. Niantic, Inc.*, No. 20-CV-06262-LB, 2023 WL 187490, at *1, *3–8 (N.D. Cal. Jan. 13, 2023) ("*'518 Decision*"). The district court also granted Niantic's motion for summary judgment that claims 7, 22, 23, and 25 of U.S. Patent No. 10,403,051 are invalid under 35 U.S.C. § 101. *NantWorks, LLC v. Niantic, Inc.*, No. 20-CV-06262-LB, 2024 WL 3363568, at *1–7 (N.D. Cal. July 9, 2024) ("*'051 Decision*"). For the following reasons, we *affirm*.

## I. BACKGROUND

On February 23, 2021, NantWorks filed the operative Third Amended Complaint, accusing Niantic of infringing at least claim 1 of the '518 and '051 patents through use of its augmented-reality ("AR") games *Pokémon Go* and *Harry Potter: Wizards Unite*. J.A. 1545, 1553–54; *'518 Decision* at *1; *'051 Decision* at *1; *see* J.A. 1525–62.

Each of the patents pertain to augmented-reality (AR) devices or systems, where the '518 patent relates to mapping AR objects and rendering them on a device display, '518 patent claim 1, and the '051 patent relates to incorporating visual objects into a digital representation of an environment surrounding an AR device, '051 patent claim 1.

---

[1]    Magistrate Judge Beeler, sitting by consent. J.A. 1076–77.

The parties agree that claim 7 is representative of the asserted claims of the '518 patent for purposes of this appeal. Appellee's Br. 5–6; Oral Arg. 00:58–01:06, https://www.cafc.uscourts.gov/oral-arguments/24-2216_02 032026.mp3. Claim 7 of the '518 patent depends from claim 1, which recites:

1. A device capable of rendering augmented reality (AR), the device comprising:

at least one sensor, including a location sensor;

a display;

a non-transitory computer readable memory storing software instructions; and

at least one processor coupled with the non-transitory computer readable memory, the at least one sensor, and the display; and, upon execution of the software instructions, is configurable to:

obtain sensor data from the at least one sensor wherein the sensor data includes a device location obtained from the location sensor;

obtain an area of interest via an area database based on at least the device location within the sensor data;

access an area tile map of the area of interest, the area tile map represented by a set of tile subareas that includes one or more tessellated tiles from a tessellated tile map;

identify a tile subarea from the set of tile subareas based at least in

part on the device location relative to one or more locations of tile subareas from the set of tile subareas, wherein the identified tile subarea covers at least a portion of the area of interest, and wherein one or more tessellated tiles within the identified tile subarea are associated with one or more AR content objects;

populate the non-transitory computer readable memory with at least one of the one or more AR content objects associated with the one or more tessellated tiles corresponding with the identified tile subarea; and

render the at least one of the one or more AR content objects that is associated with the identified tile subarea on the display based on a view of interest.

'518 patent claim 1.  Claim 7 recites:

7.  The device of claim 1, wherein the at least one of the one or more AR content objects is rendered on the display as an overlay of an image related to the real-world.

'518 patent claim 7.

At the district court Niantic argued, and NantWorks did not dispute, that claim 1 was representative of the asserted claims of the '051 patent. *'051 Decision* at \*4 & n.12. Claim 1 recites:

1.  An augmented reality (AR) platform system comprising:

> an AR object repository storing available AR objects in a first non-transitory computer readable memory; and
>
> an AR server coupled with the AR object repository and, upon execution of software instructions stored in a second non-transitory computer readable memory by a processor, is configured to:
>
>> obtain digital data representative of an environment of an AR capable mobile device, the digital data including a device location of the AR capable device and a virtual element attribute;
>>
>> determine at least one context related to the AR capable device and pertinent to the environment based at least on the device location;
>>
>> identify relevant AR objects from the AR object repository representing available AR objects corresponding to the at least one context;
>>
>> determine whether to alter presence of a relevant AR object based on at least the device location and the virtual element attribute; and
>>
>> cause the AR capable device to render the relevant AR object according to its altered presence.

'051 patent claim 1.

After a *Markman* hearing, the district court issued a claim construction order construing several claims of each patent. *See* J.A. 5894–924. In this appeal, NantWorks

does not challenge any aspect of the district court's claim construction ruling. *See, e.g.*, Appellants' Br. 2; *see generally id.*

Niantic moved for judgment on the pleadings that asserted claims 7, 14, 16, 19, 26 and 31 of the '518 patent were patent-ineligible under 35 U.S.C. § 101 and Federal Rule of Civil Procedure 12(c). *'518 Decision* at *1, *3. The district court held that the asserted claims of the '518 patent were directed to the abstract idea of "providing information based on a location on a map." *Id.* at *7. The district court then concluded that the claims "describe only generic computer components applied to the abstract idea of providing information based on a location on a map, not an inventive concept." *Id.* Thus, the district court concluded that the asserted claims of the '518 patent were invalid under 35 U.S.C. § 101 and granted Niantic's motion for judgment on the pleadings. *Id.* at *8.

Niantic moved for summary judgment that asserted claims 7, 22, 23, and 25 of the '051 patent were patent-ineligible under 35 U.S.C. § 101. *'051 Decision* at *1–2. The district court concluded that the asserted claims of the '051 patent were directed to the abstract idea of "receiving information about a location and displaying materials based on that information." *'051 Decision* at *4; *see id.* at *5 (holding that the '051 patent "is directed to filtering or picking information or materials relevant to a location or context."). The district court then held that "there is nothing in the claims that is an inventive concept" and that "there are no specific improvements in computer technology." *Id.* at *7. The district court thus concluded that the asserted claims of the '051 patent were patent-ineligible and granted Niantic's motion for summary judgment. *Id.*

NantWorks timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## II.  DISCUSSION

"We review a district court's grant of summary judgment according to the law of the regional circuit, here the Ninth Circuit, where summary judgment is reviewed de novo." *Kaneka Corp. v. Xiamen Kingdomway Grp.*, 790 F.3d 1298, 1303 (Fed. Cir. 2015). Similarly, for grants of judgment on the pleadings, "[w]e apply the procedural law of the regional circuit, here the Ninth Circuit, which reviews Rule 12(c) motions de novo." *PersonalWeb Techs. LLC v. Google LLC*, 8 F.4th 1310, 1314 (Fed. Cir. 2021). "We review the district court's ultimate patent-eligibility conclusion de novo." *Id.* at 1315.

To determine whether a patent claim is directed to patent-eligible subject matter under 35 U.S.C. § 101, we apply the two-step framework set forth by the Supreme Court in *Mayo Collaborative Services v. Prometheus Laboratories, Inc.*, 566 U.S. 66 (2012) and *Alice Corporation Pty. Ltd. v. CLS Bank International*, 573 U.S. 208 (2014). At step one, we determine whether the claims at issue are "directed to" a patent-ineligible concept. *Alice*, 573 U.S. at 217; *accord Mayo*, 566 U.S. at 77. At step two, we "consider the elements of each claim both individually and 'as an ordered combination' to determine whether the additional elements 'transform the nature of the claim' into a patent-eligible application." *Alice*, 573 U.S. at 217 (quoting *Mayo*, 566 U.S. at 78–79). The Supreme Court has described the step two analysis "as a search for an 'inventive concept.'" *Id.* at 217 (quoting *Mayo*, 566 U.S. at 72).

On appeal, NantWorks challenges the district court's patent eligibility analysis under both steps of the *Alice*/*Mayo* framework for each of the '518 and '051 patents. *See* Appellants' Br. 23–62. We address each challenge in turn.

A.

We begin with NantWorks's challenge to the district court's analysis of the asserted claims of the '518 patent under *Alice/Mayo* step one. *See* Appellants' Br. 23–35. As an initial matter, we reject NantWorks's argument that the district court oversimplified claim 1[2] of the '518 patent in concluding that it was directed to "providing information based on a location on a map." *'518 Decision* at \*7; *see* Appellants' Br. 25–32. NantWorks contends that the district court failed to consider more specific steps, such as "the use of an area database, tessellated tiles, subareas of tiles, and areas of interest; the focus on the AR content objects; and the use of the views of interest." Appellants' Br. 25. We disagree.

The district court's characterization accurately reflects that the asserted claims of the '518 patent cover a system to perform the following process: "(1) the subarea is selected based on the area of interest and the user device; (2) the AR content is selected based on association with the tile subarea; and (3) the AR content is displayed in the view of interest." *'518 Decision* at \*5 (summarizing Nant-Works's argument). In other words, representative claim 7 of the '518 patent determines a user's location, determines relevant information to give the user, and displays that content. '518 patent claims 1, 7. NantWorks's purportedly more specific steps fail to change the character of the claims. An "area database" relating to an "area of interest" could comprise "any other suitable data related to a layout of an area," including a "map." '518 patent col. 2 ll. 30–37. The parties agreed that "tessellated tiles" just means "tiles fitted together to cover an area without gaps," J.A. 5895, and at oral argument NantWorks conceded that

---

[2]    Thus, Nantworks suggests that the district court oversimplified representative claim 7, which depends on claim 1.

tessellated tiles can include a map grid.  Oral Arg. 04:20–04:34.  A "view[ ] of interest could comprise . . . an object of interest." '518 patent col. 2 l. 66 to col. 3 l. 4.  And "AR content objects" are just "virtual object[s] that [are] to be presented to the user."  J.A. 5895.  Thus, NantWorks's purported specific steps all comprise determining a location on a map, providing relevant information based on that location, and displaying that information.

We also agree with the district court that "providing information based on a location on a map" is an abstract idea.  *'518 Decision* at *7.  We have held that claims where a "user draws a shape on a map to select that area of the map, and the claimed system then filters and displays data limited to that area of the map" are directed to the abstract idea of "limiting and coordinating the display of information based on a user selection."  *Int'l Bus. Machs. Corp. v. Zillow Grp., Inc.*, 50 F.4th 1371, 1374–75, 1378 (Fed. Cir. 2022).  As in *Zillow*, claim 7 of the '518 patent covers selecting an area of a map, filtering for relevant information based on that location, and displaying that information. '518 patent claim 7.  Similarly, we have confirmed that "rules to load digital image branding functions to users" when they are in particular geographic locations are directed to the abstract idea of "providing information – in this case, a processing function – based on meeting a condition, *e.g.*, matching a GPS location indication with a geographic location."  *Sanderling Mgmt. Ltd. v. Snap Inc.*, 65 F.4th 698, 701, 703 (Fed. Cir. 2023) (quotation marks omitted).  So too here:  providing information based on a location on a map is an abstract idea.

Each of the steps of claim 7 of the '518 patent could be performed "'using a pencil and paper,'" a "telltale sign of abstraction."  *PersonalWeb*, 8 F.4th at 1316  (quoting *CyberSource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366, 1371–72 (Fed. Cir. 2011)).  An individual could determine that her location is Washington, D.C. ("obtain an area of interest via an area database based on at least the device

location"); review a gridded map of Washington, D.C. with neighborhoods ("access an area tile map of the area of interest, the area tile map represented by a set of tile subareas that includes one or more tessellated tiles"); identify a neighborhood she is in that has points of interest identified ("identify a tile subarea . . . wherein one or more tessellated tiles within the identified tile subarea are associated with one or more AR content objects"); and mark a particular point of interest she wishes to visit with a sticker related to the real world ("render the at least one of the one or more AR content objects that is associated with the identified tile subarea on the display based on a view of interest," "wherein the at least one of the one or more AR content objects is rendered on the display as an overlay of an image related to the real-world"). '518 patent claims 1, 7. At best, the AR content objects "merely limit[ ] the field of use of the abstract idea to a particular existing technological environment," which "does not render the claims any less abstract." *Affinity Labs of Texas, LLC v. DIRECTV, LLC*, 838 F.3d 1253, 1259 (Fed. Cir. 2016). This case is not a case where the claims provide "limited rules in a process specifically designed to achieve an improved technological result in [a] conventional industry practice." *McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299, 1316 (Fed. Cir. 2016). As a result, NantWorks's argument that the '518 patent's "use of tessellated tiles as a specific technological method . . . to improve AR systems" lacks merit. Appellants' Br. 30–31.

In arguing that the asserted claims of the '518 patent represent a technological solution to a technological problem rather than an abstract idea, NantWorks relies heavily on the idea of selective population of the memory, as recited in the specification. *See* Appellants' Br. 28–29, 32–34; '518 patent col. 2 ll. 1–11. According to NantWorks, "[b]y doling out only AR content objects associated with the tiles in the device's location, less memory is required and the network's bandwidth is less strained." Appellants' Br. 34. The

problem with NantWorks's argument is that the '518 patent does not claim "doling out only AR content objects associated with the tiles in the device location." *See ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 769 (Fed. Cir. 2019) ("[T]he specification cannot be used to import details from the specification if those details are not claimed."); *see* Oral Arg. 03:23–04:20 (Q: "Counsel did you say something to the effect of the claim at issue requires 'selectively populating?' . . . " A: "It's recited in the claim: 'selectively populating device memory with AR content objects . . . . '" Q: "I see the word populating . . . where is the 'selectively populating'?" A: "I don't think the word 'selectively' is there."). "Selectively" populating the device memory is not claimed, *see* '518 patent claims 1, 7, so any benefits from selectively populating the device memory do not alter the *Alice/Mayo* step one analysis. The asserted claims of the '518 patent are directed to an abstract idea.

NantWorks's arguments at *Alice/Mayo* step two also do not save the asserted claims. Appellants' Br. 35–41. Nant-Works contends that the asserted claims of the '518 patent contain an inventive concept in "the process of using tessellated tiles and tile subareas associated with AR objects to populate device memory with just those associated AR content objects so that they can be placed in a view of interest." Appellants' Br. 37. Using tessellated tiles and tile subareas to pick an area of a map to display with objects in a view of interest is part of the abstract idea, which "cannot supply the inventive concept that renders the invention 'significantly more' than" that abstract idea. *BSG Tech LLC v. Buyseasons, Inc.*, 899 F.3d 1281, 1290 (Fed. Cir. 2018) (quoting *Alice*, 573 U.S. at 218). And populating the device memory with "just those associated AR content objects" is unclaimed.

This case also does not provide an inventive concept through an "ordered combination of limitations." *Bascom Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1349 (Fed. Cir. 2016). The claims recite nothing

more than abstract steps, implemented on a computer, rather than "fundamentally chang[ing] or improv[ing] *how* a computer functions." *United Servs. Auto. Ass'n v. PNC Bank N.A.*, 139 F.4th 1332, 1339 (Fed. Cir. 2025); *cf.* Appellants' Br. 40 (citing *Bascom*, 827 F.3d at 1347–50). NantWorks has not identified any inventive concept arising from any claims, individually or in an ordered combination.

The allegations in the complaint do not change the *Alice/Mayo* step two analysis. The complaint merely mirrors the claim language and asserts that the steps provide inventive concepts. *See* J.A. 1539 ¶¶ 41–43. However, the asserted claims of the '518 patent fail to provide anything beyond the abstract idea. "[A] claim for a *new* abstract idea is still an abstract idea." *Synopsys, Inc. v. Mentor Graphics Corp.*, 839 F.3d 1138, 1151 (Fed. Cir. 2016). The district court did not err in granting judgment on the pleadings that the asserted claims of the '518 patent are invalid under 35 U.S.C. § 101.

## B.

We now turn to NantWorks's challenge to the district court's analysis regarding the '051 patent. At *Alice/Mayo* step one, as for the '518 patent, NantWorks contends that the district court ignored certain steps and oversimplified the claim language when it determined that the asserted claims of the '051 patent are directed to the abstract idea of "receiving information about a location and displaying materials based on that information." Appellants' Br. 44 (quoting *'051 Decision* at \*4); *see id.* at 41–45.[3] We disagree.

---

[3]    NantWorks contends that the district court shifted its description of the abstract idea throughout. Appellants' Br. 14, 18–19, 42–43; *compare '051 Decision* at \*4 ("[T]he asserted ['051 patent] claims are directed to the abstract

The district court's characterization of the asserted claims accurately reflects that representative claim 1 of the '051 patent presents steps to "obtain digital data representative of an environment of an AR capable mobile device, the digital data including a device location of the AR capable device and a virtual element attribute;" "determine at least one context related to the AR capable device and pertinent to the environment based at least on the device location;" "identify relevant AR objects from the AR object repository representing available AR objects corresponding to the at least one context;" "determine whether to alter presence of a relevant AR object based on at least the device location and the virtual element attribute;" and "cause the AR capable device to render the relevant AR object according to its altered presence." '051 patent claim 1; *'051 Decision* at \*4. In other words, the '051 patent covers a system to determine information (i.e., a context) about the environment and then alter the presence of a relevant AR object based on the environment.

This process is directed to an "abstract idea for which computers are invoked merely as a tool." *Uniloc USA, Inc. v. LG Elecs. USA, Inc.*, 957 F.3d 1303, 1306 (Fed. Cir.

---

idea of receiving information about a location and displaying materials based on that information."), *with id.* at \*5 ("[T]he '051 patent is abstract because it is directed to filtering or picking information or materials relevant to a location or context."). The exact words used to describe the abstract idea differ, but the district court's description of the abstract idea was consistent. *See, e.g.*, *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 715 (Fed. Cir. 2014) (describing the patent claims as directed to an abstract idea that was "a method of using advertising as an exchange or currency" and "the majority of the limitations describ[ing] only the abstract idea of showing an advertisement before delivering free content"). We see no reversible error.

2020). "[T]ailoring content based on the viewer's location" is a "'fundamental . . . practice long prevalent in our system . . . .'" *Intell. Ventures I LLC v. Capital One Bank (USA)*, 792 F.3d 1363, 1369–70 (Fed. Cir. 2015) (quoting *Alice*, 573 U.S. at 219). Even if other data were also optionally considered to form a context, "receiving information, associating information with images, comparing the images, and presenting information based on that comparison" is also an abstract idea. *Mobile Acuity Ltd. v. Blippar Ltd.*, 110 F.4th 1280, 1292 (Fed. Cir. 2024) (noting that claims comparing images while considering location data are directed to an abstract idea); *see also Sanderling Mgmt.*, 65 F.4th at 703 (claims directed to an abstract idea that use computers as "a tool to identify when a condition is met and then to distribute information based on satisfaction of that condition.").[4] The asserted claims of the '051 patent are directed to a mode of organizing human activity, not a technological improvement to a technological problem.

In arguing that the asserted claims of the '051 patent are not directed to an abstract idea, NantWorks contends that the "virtual element attribute," the requirement to "alter presence" of particular AR objects, and the "render[ing]" of AR objects means the claims are not directed to an abstract idea. *See* Appellants' Br. 43–45. We disagree. The "virtual element attribute" was construed according to its plain meaning, meaning a "virtual" "feature or quality" that is "part of something else." J.A. 5902–08. This generic term does not add anything beyond the abstract steps in claim 1 of the '051 patent. The '051 patent further states that "presence could simply mean relevant AR objects are

---

[4]    As with the '518 patent claims, there are no "limited rules in a process specifically designed to achieve an improved technological result in [a] conventional industry practice" in these claims. *McRO*, 837 F.3d at 1316.

present (enhanced) or not present (suppressed)." '051 patent col. 18 ll. 21–23. Thus, to alter the presence of an AR object could merely involve having it appear or disappear.[5] Lastly, limiting the abstract idea to the field of AR does not render it patent-eligible. *See, e.g.*, *Intell. Ventures I*, 792 F.3d at 1366 ("An abstract idea does not become nonabstract by limiting the invention to a particular field of use or technological environment, such as the Internet."). The asserted claims of the '051 patent are directed to an abstract idea at step one of the *Alice/Mayo* framework.[6]

NantWorks's arguments for step two of the *Alice/Mayo* framework are similarly not persuasive. NantWorks argues that the district court erred at the summary judgment stage by ignoring uncontradicted expert testimony that the steps of the asserted claims of the '051 patent were

---

[5] NantWorks argues that this alteration of presence captures the specification's alleged benefits of preventing interference. *See* Appellants' Br. 47–51. As discussed with respect to the '518 patent, NantWorks's attempt to import unclaimed advantages from the specification fails to change the character of the '051 patent asserted claims.

[6] Because we agree with the district court's analysis of the '051 patent asserted claims at step one of the *Alice/Mayo* framework without consideration of the inventor testimony relied on by the district court, we need not decide NantWorks's argument that the district court erred by relying in part on testimony of an inventor. Appellants' Br. 54–56. *See King Pharms., Inc. v. Eon Labs, Inc.*, 616 F.3d 1267, 1278 (Fed. Cir. 2010) ("As an appellate court, we are not limited to a district court's stated reasons for invalidating claims and can affirm a grant of summary judgment on any ground supported by the record and adequately raised below.").

unconventional.    Oral Arg. 14:49–14:56; *see also* Appellants' Br. 56–62.  We disagree.

As an initial matter, there is no factual dispute that the '051 patent asserted claims merely invoke conventional components.  The asserted claims invoke the conventional components discussed in the specification, *see, e.g.*, '051 patent col. 4 l. 51 to col. 5 l. 6; *id.* at col. 6 ll. 39–44, with generic computing terms, such as "server," "repository," and "processor."  '051 patent claim 1.  "[I]nvocations of computers and networks that are not even arguably inventive are insufficient to pass the test of an inventive concept in the application of an abstract idea." *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1170 (Fed. Cir. 2018) (quoting *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1355 (Fed. Cir. 2016)).  Thus, the physical components claimed in the '051 patent do not contain an inventive concept.

NantWorks contends that the '051 patent asserted claims contain an inventive concept because they "allow[ ] virtual objects to be selected and altered based on the specific scenario that the device is in and the virtual element attributes."  Appellants' Br. 57–58.  As with the '518 patent, this argument fails because it merely recites the abstract idea again.  *See BSG Tech*, 899 F.3d at 1290.  And citations to unclaimed benefits in the specification such as improving on "silo[ed] virtual worlds or objects where each company develops [its] own hosting infrastructure" or allowing movement "as distinct manageable objects in an infrastructure agnostic manner," Appellants' Br. 58 (quoting '051 patent col. 3 ll. 1–11), cannot provide an inventive concept.

NantWorks relies on its expert, Dr. Turk, to support its inventive concept arguments.  Appellants' Br. 59–60 (citing J.A. 9559 ¶¶ 101–02; J.A. 9642 ¶ 312; J.A. 9643–44 ¶ 315; J.A. 9645 ¶ 318; J.A. 9646–47 ¶¶ 323–27; J.A. 9651 ¶ 341).  Paragraphs 101 and 102 of Dr. Turk's rebuttal expert report merely repeat unclaimed passages from the

specification.  J.A. 9559 ¶¶ 101–02.  Paragraphs 312 and 315 provide conclusory opinions that the claims improve efficiency or object presentation by incorporating unclaimed features.  J.A. 9642 ¶ 312; J.A. 9643–44 ¶ 315. Paragraphs 318, 323, and 324 provide conclusory assertions of inventiveness without any more detail.  J.A. 9645 ¶ 318; J.A. 9646–47 ¶¶ 323–24.  Paragraphs 325 through 327 generally describe how the '051 patent overcame a rejection during prosecution.  J.A. 9646–47 ¶¶ 325–27.  And paragraph 341 discusses the abstract benefits of the asserted claims, such as "the ability to personalize AR experiences using a location-derived context."  J.A. 9651 ¶ 341. None of NantWorks's cited expert report excerpts create a genuine dispute as to any material fact that precludes summary judgment because none of NantWorks's cited excerpts identify an inventive concept that is in the claims. The district court correctly granted summary judgment of patent ineligibility as to the asserted claims of the '051 patent.

### III. CONCLUSION

We have considered NantWorks's remaining arguments and find them unpersuasive.  We *affirm* the district court's judgment that the asserted claims are invalid under 35 U.S.C. § 101.

**AFFIRMED**