NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**INNOVAPORT LLC,**
*Plaintiff-Appellant*

**v.**

**TARGET CORPORATION,**
*Defendant-Appellee*

---

2024-1545

---

Appeal from the United States District Court for the Western District of Wisconsin in No. 3:22-cv-00425-wmc, Judge William M. Conley.

---

Decided:  February 6, 2026

---

MICHAEL T. GRIGGS, Boyle Fredrickson, S.C., Milwaukee, WI, argued for plaintiff-appellant.  Also represented by ADAM BROOKMAN, MARRIAM LIN.

LANCE E. WYATT, JR., Fish & Richardson P.C., Dallas, TX, argued for defendant-appellee.  Also represented by NEIL J. MCNABNAY, MICHAEL VINCENT.

---

Before REYNA, STOLL, and CUNNINGHAM, *Circuit Judges*.

CUNNINGHAM, *Circuit Judge.*

Innovaport LLC ("Innovaport") appeals the United States District Court for the Western District of Wisconsin's grant of Target Corporation's ("Target") motion for summary judgment of invalidity under 35 U.S.C. § 101 for the asserted claims of U.S. Patent No. 8,775,260 (the "'260 patent"), U.S. Patent No. 8,787,933 (the "'933 patent"), U.S. Patent No. 9,489,690 (the "'690 patent"), U.S. Patent No. 9,990,670 ( the "'670 patent"), U.S. Patent No. 7,231,380 (the "'380 patent"), and U.S. Patent No. 7,819,315 (the "'315 patent"). *See Innovaport, LLC v. Target Corp.*, No. 22-CV-425-WMC, 2024 WL 451308, at *7 (W.D. Wis. Feb. 6, 2024) ("*Decision*"). For the following reasons, we *affirm*.

## I. BACKGROUND

On January 20, 2023, Innovaport filed the operative First Amended Complaint, accusing Target of infringing one or more of the asserted claims of the '260, '933, '690, '670, '380, and '315 patents.[1] J.A. 201–31; *see Decision* at *1. The asserted patents each claim priority to U.S. Provisional Application No. 60/158,444 and share, in relevant part, a specification. *See Decision* at *1. The asserted patents claim systems and methods for providing product location within a store. *See, e.g.*, '260 patent col. 16 ll. 26–57;

---

[1]    The asserted claims are: Claims 1–4, 6, 7, 9–11, and 15–17 of the '260 patent; claims 1, 3, 6, and 7 of the '933 patent; claims 1, 4–6, and 9–14 of the '690 patent; claims 1, 2, 4, 6–10, 12, and 14 of the '670 patent; claims 1, 5, 13, 14, 22, 24, and 25 of the '380 patent; and claims 1–5, 9, 12, 14, and 16–19 of the '315 patent. Brief in Support of Target's Motion for Summary Judgment at 2, *Innovaport LLC v. Target Corp.*, No. 22-CV-425-WMC, 2023 WL 9196617 (W.D. Wis. Sept. 28, 2023), Dkt. No. 49 ("Target Summary Judgment Brief").

'933 patent col. 16 l. 32 to col. 17 l. 3; '690 patent col. 16 ll. 18–45; '670 patent col. 16 l. 41 to col. 17 l. 9; '380 patent col. 16 l. 40 to col. 17 l. 5; '315 patent col. 16 ll. 24–50. The asserted patents explain that in stores that sell many products, shoppers may struggle to locate desired goods. '260 patent col. 1 ll. 38–46. The asserted patents criticize prior art signs as being "difficult to read" and "limited in that only a small amount of information can be fit onto the signs." '260 patent col. 1 ll. 47–57. The asserted patents also explain that "asking an employee of the store to direct them to the products they are looking for" has the "significant disadvantages" that "store employees are not always able to provide clear instructions and, indeed, frequently do not themselves know where various products are located," and that "a constant barrage of product location questions to employees from shoppers invariably detracts from the employees' productivity." '260 patent col. 1 l. 58 to col. 2 l. 12. Moreover, the asserted patents note that "many modern stores have a computerized or other information system that is utilized to keep track of the stores' inventory." '260 patent col. 2 ll. 21–29. The asserted patents seek to solve these issues with methods and systems for providing product location information within a store. *See, e.g.*, '260 patent col. 3 l. 15 to col. 4 l. 10.

Claim 15 of the '260 patent, which the district court found to be representative, *Decision* at \*7, recites:

15. A method of providing product location information within a first store, the method comprising:

providing a hub that is at least indirectly in communication with each of a plurality of user interfaces, and that is capable of accessing at least one database, the at least one database including both product location information and additional product-related information,

> wherein the additional product-related information includes: information concerning a quantity of a first product within the store; information concerning a price of the product; information concerning an availability or unavailability of the product within the store; and information linking the product with another product in a cross-referential manner;
>
> periodically engaging in the communication with each of the user interfaces, wherein the engaging in the communication includes: receiving inquiry signals from the user interfaces; querying the database to obtain portions of the product location information in response to the inquiry signals; and providing information signals in response to the inquiry signals for receipt by the user interfaces, wherein the information signals include portions of both the product location information and the additional product-related information, whereby the user interfaces are able to provide output signals based upon the information signals; wherein at least some of the communication is wireless communication.

'260 patent claim 15. Several other claims are narrower. For example, claim 1 of the '933 patent recites:

> 1. A method of providing product location information within a first store, the method comprising:
>
>> providing a plurality of devices including a mobile device, wherein the plurality of devices are in communication with one another, wherein at least one of the devices includes at least one user interface, and

wherein at least one of the devices includes at least one information storage device,

wherein the at least one information storage device includes both product location information and additional product-related information that includes information regarding at least one of information concerning a quantity of a first product within the store, information concerning a price of the product, information concerning a presence or absence of the product within the store, information concerning a time at which the product should be available at the store if the product is currently absent from the store, and information linking the product with another product in a cross-referential manner, and further information concerning at least one past location inquiry of a customer;

receiving an input signal at least indirectly by way of the at least one user interface;

querying the information storage device to obtain portions of the product location information and the additional product-related information in response to the input signal; and

providing a product location information signal in response to the input signal, for receipt by the at least one user interface, whereby the at least one user interface is able to provide an output signal based upon the product location information signal,

wherein the output signal provides at least one suggestion to the customer in accordance with one or more preferences of the

customer, including location information concerning a location of at least one item of interest to the customer, the one or more preferences being obtained at least in part based upon the further information.

'933 patent claim 1; *see Decision* at \*7.

Target moved for summary judgment of invalidity of all asserted claims under 35 U.S.C. § 101, while Innovaport cross-moved for partial summary judgment as to Target's § 101 defense. *See Decision* at \*1. The district court granted Target's motion and denied Innovaport's motion.

Innovaport timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## II. DISCUSSION

"We review the court's grant of summary judgment under the law of the regional circuit; here, the Seventh Circuit's de novo standard." *Rapid Litig. Mgmt. Ltd. v. CellzDirect, Inc.*, 827 F.3d 1042, 1046–47 (Fed. Cir. 2016). "The issue of patent-eligibility under § 101 is a question of law that we review without deference." *Id.* at 1047.

To determine whether a patent claim is directed to patent-ineligible subject matter under 35 U.S.C. § 101, we apply the two-step framework set forth by the Supreme Court in *Mayo Collaborative Servs. v. Prometheus Lab'ys, Inc.*, 566 U.S. 66 (2012) and *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208 (2014). At step one, we determine whether the claims at issue are "directed to" a patent-ineligible concept. *Alice*, 573 U.S. at 217; *accord Mayo*, 566 U.S. at 77. At step two, we "consider the elements of each claim both individually and 'as an ordered combination' to determine whether the additional elements 'transform the nature of the claim' into a patent-eligible application." *Alice*, 573 U.S. at 217 (quoting *Mayo*, 566 U.S. at 78–79). The Supreme Court has described the

step two analysis "as a search for an 'inventive concept.'" *Id.* at 217 (quoting *Mayo*, 566 U.S. at 72).

On appeal, Innovaport contends that the district court erred by determining claim 15 of the '260 patent to be representative of all the asserted claims across the six patents, Appellant's Br. 17–23, and by holding various claims invalid based on patent-ineligible subject matter at both step one and step two, Appellant's Br. 23–63. In its briefing and at oral argument, Innovaport presented argument on four sets of claims: (1) claim 1 of the '933 patent, Appellant's Br. 39–41, 50–51; (2) claim 15 of the '260 patent, Appellant's Br. 41–42, 51–52; (3) claim 1 of the '670 patent and claim 1 of the '690 patent, Appellant's Br. 34–39, 44–50, 54–55, which it concedes "rise and fall together," Oral Arg. 13:10–13:20, https://www.cafc.uscourts.gov/oral-arguments/24-1545_08062025.mp3; and (4) various claims of the '315 patent and the '380 patent, Appellant's Br. 52–54. We need not address Innovaport's representativeness argument, because even if we agreed that the differences among the claims are "material to the eligibility analysis," we would still hold that "each separate claim (i.e., those not fairly represented by the purported representative claim) is ineligible for patenting." *Mobile Acuity Ltd. v. Blippar Ltd.*, 110 F.4th 1280, 1291 (Fed. Cir. 2024); *King Pharms., Inc. v. Eon Labs, Inc.*, 616 F.3d 1267, 1278 (Fed. Cir. 2010) ("As an appellate court, we are not limited to a district court's stated reasons for invalidating claims and can affirm a grant of summary judgment on any ground supported by the record and adequately raised below."); Target Summary Judgment Brief at 9–21 (addressing all asserted claims); *see Decision* at *7 (addressing Innovaport's "strongest example," claim 1 of the '933 patent). Accordingly, at each step of the *Alice/Mayo* test, we begin by addressing and rejecting Innovaport's challenges applicable

to claim 1 of the '933 patent,[2] before explaining why none of the other claims are patent eligible.

## A.

We start with Innovaport's challenges to the district court's analysis under *Alice/Mayo* step one. As an initial matter, we reject Innovaport's argument that the district court erred by characterizing all of the asserted claims as "directed to the abstract idea of collecting, analyzing, retrieving, and displaying information," specifically by: "(1) collecting product-related information; (2) analyzing the product information (i.e., cross-referentially linking the products); (3) receiving a product-location inquiry; (4) retrieving product-location information in response to the query; and (5) presenting the product-location information plus some additional information." *Decision* at *4; *see* Appellant's Br. 23–31. Innovaport contends that instead, the claims are "directed to a specific organization of data that produces a particular response when a customer submits a product location inquiry," implemented by "linking related products in a database and providing a suggestion regarding a product." Appellant's Br. 27. We disagree.

The district court's characterization accurately reflects that claim 1 of the '933 patent, for example, covers "receiving an input signal" from a user interface, "querying the information storage device to obtain portions of the product location information and the additional product-related information in response to the input signal," "providing a product location information signal in response to the input signal . . . based upon the product location information signal," and "provid[ing] at least one suggestion to the

---

[2]    A number of Innovaport's arguments are directed to all asserted claims. *See* Appellant's Br. 23–34. We address those arguments with respect to all asserted claims in the discussion regarding claim 1 of the '933 patent.

customer in accordance with one or more preferences of the customer." '933 patent claim 1. Beyond the addition of the words "specific organization of data," Innovaport's characterization of the claims is not meaningfully different from the district court's characterization—both characterizations capture "linking the products" and "presenting [ ] product-location information" and "additional information" after a user submits "a product-location inquiry." *Compare* Appellant's Br. 27, *with Decision* at *4. There is no "specific organization of data" claimed beyond the functionally-claimed linking of two products. Accordingly, we agree with the district court's characterization of the asserted claims.

We also agree with the district court that claim 1 of the '933 patent is directed to an "abstract idea" of "collecting, analyzing, retrieving, and displaying information," and "customizing information." *Decision* at *4, *7.[3] "[A] telltale sign of abstraction" is when the claimed functions are "mental processes that 'can be performed in the human mind' or 'using a pencil and paper.'" *PersonalWeb Techs. LLC v. Google LLC*, 8 F.4th 1310, 1316 (Fed. Cir. 2021) (quoting *CyberSource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366, 1371–72 (Fed. Cir. 2011)). We have previously held "analyzing information by steps people go through in their minds" and "collecting information, including when limited to particular content" to be abstract ideas. *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1353–54 (Fed. Cir. 2016) ("[M]erely presenting the results of abstract processes of collecting and analyzing information, without more (such as identifying a particular

---

[3]     The district court held that all asserted claims were directed to "collecting, analyzing, retrieving, and displaying information," *Decision* at *4, and added "customizing information" for claim 1 of the '933 patent, *Decision* at *7.

tool for presentation), is abstract as an ancillary part of such collection and analysis.").

Claim 1 of the '933 patent requires:  (1) "receiving an input signal;" (2) "querying [an] information storage device to obtain portions of the product location information and the additional product-related information;" (3) "providing a product location information signal;" and providing "at least one suggestion to the customer in accordance with one or more preferences of the customer, including location information concerning a location of at least one item of interest to the customer." Each of these steps could be performed by humans, or on pen and paper.  A store clerk could receive a question from a customer regarding where a product is, use a catalog to determine where that product is, tell a customer where that product is, and give that customer a suggestion of another product location based on past inquiries from the customer.  Thus, claim 1 of the '933 patent is focused on "'collecting information, analyzing it, and displaying certain results,' which places [it] in the 'familiar class of claims "directed to" a patent-ineligible concept.'" *Trinity Info Media, LLC v. Covalent, Inc.*, 72 F.4th 1355, 1362 (Fed. Cir. 2023) (quoting *Elec. Power*, 830 F.3d at 1353).  Even though claim 1 of the '933 patent requires a "mobile device" and an "information storage device," it does not alter the analysis.  *See, e.g.*, *In re TLI Commc'ns LLC Pat. Litig.*, 823 F.3d 607, 613 (Fed. Cir. 2016) ("[A]lthough the claims limit the abstract idea to a particular environment—a mobile telephone system—that does not make the claims any less abstract for the step 1 analysis.").  Thus, claim 1 of the '933 patent is directed to an abstract idea.

The specification confirms that the asserted claims are directed to an abstract idea using computers as a tool, not an improvement in computer capabilities.  For "software-based inventions" such as this one, "*Alice*/*Mayo* step one 'often turns on whether the claims focus on the specific asserted improvement in computer capabilities or, instead,

on a process that qualifies as an abstract idea for which computers are invoked merely as a tool.'" *Trinity*, 72 F.4th at 1362–63 (quoting *In re Killian*, 45 F.4th 1373, 1382 (Fed. Cir. 2022)). The specification describes the business drawbacks of shoppers "asking an employee of the store to direct them to the products they are looking for," '260 patent col. 1 l. 58 to col. 2 l. 12, and recites "generic computing terms," *Trinity*, 72 F.4th at 1364, such as "user interfaces," '260 patent col. 4 l. 59, "a central computer database," *id.* col. 5 ll. 30–31, "standard communications protocols," *id.* col. 5 l. 65, and "a standard typewriter (QWERTY-type) keyboard," *id.* col. 10 l. 14–15. In other words, the specification focuses on how to solve a business problem using off-the-shelf technology, rather than an improvement to computer technology. The specification supports holding that the claims are directed to an abstract idea.

Innovaport contends that the asserted "claims recite a 'specific technique' that improved the technical functioning of the computer network, e.g., linking related products in the database provided a more efficient way to store product information and to present pertinent information to a customer (including information that was not requested by the customer) in response to an inquiry." Appellant's Br. 29. Similarly, Innovaport contends that claim 1 of the '933 patent is not abstract because it recites "providing a suggestion for an 'item of interest' based upon a past search of a customer." Appellant's Br. 40.

However, the purported technical advantage Innovaport suggests is that "the customer[s] receive[ ] information in real-time about the product they were looking for (e.g., product location of a toothbrush) and information about related products that was not requested (e.g., floss is on sale)." Appellant's Br. 29. But "improving a user's experience while using a computer application is not, without more, sufficient to render the claims directed to an improvement in computer functionality" or the functionality

of the "network platform itself." *Customedia Techs., LLC v. Dish Network Corp.*, 951 F.3d 1359, 1365 (Fed. Cir. 2020); *see, e.g.*, *Trinity*, 72 F.4th at 1364 ("[A]sserted claims can be directed to an abstract idea even if the claims require generic computer components or require operations that a human could not perform as quickly as a computer."); *Elec. Power*, 830 F.3d at 1351–54 (affirming judgment of invalidity under section 101 where claims cover real-time monitoring of a power grid). And both linking products and providing users suggestions based on their preferences and history are longstanding methods of human activity, not new technological innovations. *See, e.g.*, *Intell. Ventures I LLC v. Erie Indem. Co.*, 850 F.3d 1315, 1327–28 (Fed. Cir. 2017) (holding claims on "organizing and accessing records through the creation of an index-searchable database" directed to an abstract idea and noting that libraries "organize and cross-reference information and resources"); *Intell. Ventures I LLC v. Cap. One Bank (USA)*, 792 F.3d 1363, 1369–70 (Fed. Cir. 2015) (holding claims on tailoring information based on a "viewer's location" or "navigation data" are directed to an abstract idea).

This case is distinguishable from the cases cited by Innovaport. For example, Innovaport relies on *Data Engine Technologies LLC v. Google LLC*, 906 F.3d 999, 1003, 1010–11 (Fed. Cir. 2018), in which we held that claims directed to a "method of implementing a notebook-tabbed interface, which allows users to easily navigate through three-dimensional electronic spreadsheets" were patent eligible, and *SRI International, Inc. v. Cisco Systems, Inc.*, 930 F.3d 1295, 1303 (Fed. Cir. 2019), in which we held to be patent-eligible claims directed to "using a plurality of network monitors that each analyze specific types of data on the network and integrating reports from the monitors." Appellant's Br. 27–29. Unlike here, the claims in each of those cases were patent-eligible because they presented technological solutions to technological problems. Thus,

we agree with the district court that claim 1 of the '933 patent is directed to an abstract idea.[4]

The remaining claims fare no better. Innovaport notes that claim 15 of the '260 patent is the "broadest of the 55 asserted claims." Appellant's Br. 17. Innovaport contends that claim 15 of the '260 patent "recites storing specific types of information in a database in addition to product location information," and "specifies that at least some of the communication within the system is wireless communication, which further limits the configuration of the recited claim elements." Appellant's Br. 41–42. Storing specific types of information is merely "collecting information," which falls "within the realm of abstract ideas." *Elec. Power*, 830 F.3d at 1353. And wireless communication is a "routine process[ ] implemented by a general-purpose device (e.g., a handheld mobile device) in a conventional way." *United Servs. Auto. Ass'n v. PNC Bank N.A.*, 139 F.4th 1332, 1337 (Fed. Cir. 2025) (holding patent-ineligible a claim that included a limitation of "using

---

[4]    Innovaport contends throughout that the district court erred by deviating from its prior reasoning in *Innovaport LLC v. Lowe's Home Ctrs., LLC*, No. 21-CV-418-WMC, 2022 WL 1078548, at *1–3 (W.D. Wis. Apr. 11, 2022), in which the same judge denied a Rule 12(b)(6) motion to dismiss several of the same claims at issue here. *See, e.g.*, Appellant's Br. 8–10, 12–14, 24–26, 38–39, 41–43. Innovaport cites no basis to preclude the district court from changing its mind about the merits of Innovaport's litigation position. *Cf. Beacon Oil Co. v. O'Leary*, 71 F.3d 391, 395 (Fed. Cir. 1995) ("[T]here can be no collateral estoppel against a [party] who has not had 'a full and fair opportunity to litigate the claim' at issue." (second alteration in original) (quoting *Mendenhall v. Cedarapids, Inc.*, 5 F.3d 1557, 1571 (Fed. Cir. 1993)).

14                INNOVAPORT LLC v. TARGET CORPORATION

a wireless network"). Thus, claim 15 is directed to an abstract idea.

Innovaport contends that claim 1 of the '670 patent and claim 1 of the '690 patent are not directed to an abstract idea because they recite "information storage device[s]" that "include[ ] both product location information and additional product-related information linking a product with an other [sic] product in a cross-referential manner," along with an output signal that "includes location information concerning the product and also provides at least one suggestion related to the other product." Appellant's Br. 34; '670 patent claim 1; *see* '690 patent claim 1. Innovaport's example of this is that "if a customer searches for a toothbrush, the output signal may include location information for the toothbrush (as requested by the customer) and additional information about a sale on floss (which was not requested by the customer)." Appellant's Br. 34. As the specification explains, the information storage device can be a generic computer with "processing circuitry and a database containing product location information," '260 patent col. 3 ll. 32–38, and the output signal, as exemplified by Innovaport's toothbrush hypothetical, is a patent-ineligible "method of organizing human activity." *Alice*, 573 U.S. at 220. Claim 1 of the '670 and claim 1 of the '690 patent, which "rise and fall together," Oral Arg. at 13:10–20, are directed to an abstract idea.[5]

---

[5]    Innovaport contends that, because claim 1 of the '670 patent and claim 1 of the '690 patent overcame a § 101 challenge during examination, the district court failed to apply the presumption of validity. Appellant's Br. 54–55. However, "[t]here is no indication the district court failed to presume the patents were valid. And courts are not required to defer to Patent Office determinations as to eligibility." *Sanderling Mgmt. Ltd. v. Snap Inc.*, 65 F.4th 698, 705 (Fed. Cir. 2023).

The '380 and the '315 patents contain system claims. Innovaport contends that the following limitations render certain claims of the '380 and '315 patents non-abstract, *see* Appellant's Br. 52–54: (1) A "user interface" positioned in a store "in a substantially stationary manner," *see* '380 patent claim 1; '315 patent claim 1; (2) "a database containing product location information and additional product-related information including product availability information," *see* '380 patent claim 1; (3) an information signal that, when a product is unavailable, is configured "so that the output signal provided by the user interface does not provide an indication that the product is available at the location," *see* '380 patent claim 1; (4) updating the database "to reflect changes in inventory occurring within the store," *see* '380 patent claim 22; (5) storage in a database of "product location information, product availability information, and product promotion information," *see* '380 patent claim 25; (6) "a hub," *see* '315 patent claim 1; and (7) "a receiver configured to receive" "a voice signal" and "a speaker configured to provide" "a synthesized voice signal," *see* '315 patent claim 2. We have reviewed the asserted claims of the '380 and '315 patents and conclude that nothing in them meaningfully differentiates them from claim 1 of the '933 patent. All asserted claims of both the '380 and '315 patents either add conventional technology or additional abstract ideas that do not render the claims directed to non-abstract ideas. Accordingly, we conclude that all 55 asserted claims are directed to abstract ideas at *Alice/Mayo* step one.

## B.

We now turn to Innovaport's challenges to the district court's analysis under *Alice/Mayo* step two. Appellant's Br. 42–52. Innovaport contends that claim 1 of the '933 patent, claim 1 of the '670, and claim 1 of the '690 patent each contain an inventive concept in the combination of "linking" two products together in a cross-referential manner, giving a "suggestion" to a customer for another product,

when the customer searches for one product, and using a "mobile device."[6] *See* Appellant's Br. 42–52. Each of these purported inventive concepts fails, either alone or in combination.

"Linking" two products in a cross-referential manner and providing a recommendation about another product are not inventive concepts because they are merely the abstract ideas. "It has been clear since *Alice* that a claimed invention's use of the ineligible concept to which it is directed cannot supply the inventive concept that renders the invention 'significantly more' than that ineligible concept." *BSG Tech LLC v. Buyseasons, Inc.*, 899 F.3d 1281, 1290 (Fed. Cir. 2018).

The "mobile device" does not provide an inventive concept because it is a "mere recitation of a generic computer" that "cannot transform a patent-ineligible abstract idea into a patent-eligible invention." *Alice*, 573 U.S. at 223. The specification discloses that the mobile devices "can include, for example, telephone or walkie-talkie type units, headphones, specialized eyeware, etc." '260 patent col. 14 ll. 42–44. Accordingly, "the mobile device is a piece of generic hardware," *USAA*, 139 F.4th at 1339, that does not save the asserted claims at *Alice/Mayo* step two.

Nor is this a case where an "ordered combination of limitations" gives rise to an inventive concept. *Bascom Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1349 (Fed. Cir. 2016). The claims recite nothing more than routine business steps, implemented on a computer, rather than "fundamentally chang[ing] or improv[ing] *how* a computer functions." *USAA*, 139 F.4th at 1339; *cf.* Appellant's Br. 47–49 (citing *Bascom*, 827 F.3d

---

[6]   As noted above, the "suggestion" in the '933 patent is based on a user's past inquiries, while the '670 and '690 patents contain no such limitation.

at 1350–51). Innovaport has not identified any inventive concept arising from any claims, individually or in an ordered combination.

Lastly, Innovaport contends that summary judgment should be denied because there are still material disputes of fact, namely that cross-referencing, providing suggestions based on past searches, and receiving inquiries on mobile devices were unconventional and not well-understood or routine. Appellant's Br. 61–62. There is no genuine dispute as to any material fact: Cross-referencing and providing suggestions are abstract ideas, so even if they are "'[g]roundbreaking, innovative, or even brilliant,' . . . that is not enough for eligibility." *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1163 (Fed. Cir. 2018) (first alteration in original) (quoting *Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*, 569 U.S. 576, 591 (2013)). Additionally, as discussed above, the asserted patents themselves indicate the mobile devices are generic and conventional. Accordingly, the district court did not err by granting summary judgment.

### III. CONCLUSION

We have considered Innovaport's remaining arguments and find them unpersuasive.[7] We *affirm* the district court's judgment that the asserted claims are invalid under § 101.

**AFFIRMED**

---

[7] Innovaport's argument regarding patent office eligibility guidance is unpersuasive. Appellant's Br. 55–61. Patent office guidance "is not, itself, the law of patent eligibility, does not carry the force of law, and is not binding in our patent eligibility analysis." *In re Rudy*, 956 F.3d 1379, 1382 (Fed. Cir. 2020).